### SEEKAMP et v WARNER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1323.   Decided Nov 4, 1936

C. J. Mattern, Dayton, and Bridge & Mikesell, Dayton, for plaintiffs.

John W. Bricker, Attorney General, Columbus, and Herbert D. Mills, Dayton, for defendants.

## OPINION

By THE COURT

On February 25, 1936, there was filed in this court a motion to dismiss defendants' appeal for want of prosecution.

Defendants counter with the claim that the cause has finally been disposed of in this court, and hence nothing remains upon which the motion to dismiss may operate.

The following brief summary of facts will render understandable the nature of the controversy and the manner in which the present question arises:

On November 8, 1933, plaintiffs filed their petition against the defendants, seeking to have the books and records of the Miami Savings and Loan Company of Dayton, Ohio, reformed and corrected so as to restore the plaintiffs to their proper status as depositor creditors instead of holders of running stock to which the deposits had been unlawfully and fraudulently transferred by the officers of the building and loan association.

Plaintiffs sought the relief not only for themselves, but for and on behalf of all other parties similarly situated and having a common and general interest with the plaintiffs in the relief prayed for.

Previous to the filing of the petition, towit, on the 18th day of April, 1933, the defendant Paul A. Warner, Superintendent of Building and Loan Associations of Ohio, took charge and control of the Miami Savings and Loan Company for the purposes of liquidation under the laws of Ohio, and was and remained in possession of such association during all times covered by the litigation.

The defendant the Miami Savings and Loan Company, through its officers, was served with summons, but at no time filed answer or other pleading.

The defendant Paul A. Warner, as Superintendent of Building and Loan Associations of Ohio, first filed a special demurrer, claiming that parties plaintiff were improperly joined. This, in effect, questioned the right of the plaintiffs to bring their action as a class suit. This demurrer was overruled by the trial court. Thereafter, the defendant superintendent filed a general demurrer on four grounds, as follows:

(a) That there is a misjoinder of parties plaintiff.

(b) There is a defect of parties plaintiff.

(c) The several causes of action are improperly joined.

(d) The petition of plaintiffs does not state facts which show a cause of action.

Upon hearing this demurrer was overruled by the trial court. Thereafter the defendant superintendent filed answer, wherein he admitted his official status; his actual charge of the liquidation of the Miami Savings and Loan Company; the corporate capacity of the association; its place of business; the date upon which he, as superintendent, took charge and control of such association; and the further fact of his being in actual control for the purposes of liquidation of the assets of such association. Other than the admissions, the answer was a general denial.

On plaintiffs' motion a referee was appointed, with instrucions to take all necessary testimony and report his findings of law and fact to the court.

In conformity to such order, the referee took testimony, the same covering a period of many months. Following the presentation of evidence, the referee made his report.

Counsel for the Superintendent filed objections and exceptions. Upon hearing, the trial court overruled the objections.

On July 31, 1934, the trial court determined the issues in favor of plaintiffs and ordered the defendant superintendent to restore to the status of depositor creditors not only the two named plaintiffs but several hundred others, all being specifically named.

The entry is very long and contains many other provisions, but for the purposes of this inquiry no further reference is necessary. The entry preserves exceptions to the defendant superintendent. Neither appeal nor proceedings in error

were prosecuted to this final entry. The defendant superintendent later filed a report with the trial court, stating that he had complied with the court's order and made transfer of accounts, as specifically directed in the journal entry under date of July 31, 1934.

On November 13, 1934, counsel for plaintiffs made application for allowance of fees, and on the same day the allowance was made by formal journal entry. On November 15, 1934, the defendant superintendent filed motion to vacate entry fixing fees and also a motion to disallow fees, claim being made through the motions that no formal application had been made for the allowance; that neither the defendant nor his counsel had been served with notice of such application; that the journal entry had not been submitted to counsel for approval; that no allowance could be made on the claim of class suit, together with other objections of more or less importance. All motions were overruled.

The defendant superintendent gave notice of appeal and thereafter perfected his appeal from the order and judgment of the court allowing attorney fees. At the same time petition in error was filed.

The appeal was presented to the Court of Appeals of the Fourth District, sitting in Montgomery County by designation. During the summer of 1935 the Court of Appeals of the Fourth District rendered its opinion in writing.

Following the opinion and before the filing of journal entry, counsel for plaintiffs filed motion to dismiss the appeal on the ground that the case was not appealable. This motion was overruled on the ground that the parties had submitted the case on appeal without objection and after submission might not at that late date question the appealability.

The journalized entry from the Court of Appeals of the Fourth District reads as follows:

"This day came the parties by their counsel, and this cause was heard upon the transcript of the docket and journal entries and final judgment of the Court of Common Pleas of Montgomery County, Ohio, the original papers and pleadings and the evidence, including certain stipulations of the parties as shown by the record, as well as on the motion of C. J. Mattern, attorney for the plaintiffs, to dismiss this appeal for the reason that the Superintendent is not the real party

in interest, was argued by counsel and submitted to the court.

"Upon consideraion whereof, and being duly advised in the premises, the court does hereby overrule said motion to dismiss this appeal, and the court does hereby allow the motion filed on behalf of the Superintendent of Building and Loan Associations of Ohio to vacate the entry filed and entered in the Court of Common Pleas allowing and fixing attorney fees for C. J. Mattern, and does hereby allow the motion filed on behalf of the Superintendent of Building and Loan Associations of Ohio to vacate the entry filed and entered in the Common Pleas Court allowing and fixing compensation for Albert J. Dwyer, referee, and said entries and each of them are hereby vacated, set aside and held for naught.

"It is further ordered that the costs of these proceedings be paid by the plaintiffs herein, and for the payment of which execution is hereby awarded.

"Exceptions on behalf of plaintiffs are hereby noted.

Wm. H. Middleton (Signed)
Presiding Judge.

July 15, 1935
Rejected and objections filed.
C. J. Mattern (Signed) July 24, 1935,
Attorney for plaintiffs."

In proper time thereafter counsel for plaintiffs sought to carry the case to the Supreme Court, filing a petition therein under a claim of right, and also making request for order to certify. The Supreme Court held against the plaintiffs on their petition filed as a matter of right, and also refused to order the case certified.

The claim is now made by plaintiffs that the case is still pending in the Court of Appeals on the theory that the appeal vitiates all orders of the trial court and takes up the entire case for hearing de novo. The contention is made in brief of counsel that the Court of Appeals must hear and determine de novo every question raised by the petition and answer; that the appeal set aside the judgment of the trial court heretofore referred to as having been made on July 31, 1934.

We are unable to follow the reasoning of counsel on this contention.

It is our conclusion that the order and judgment of the trial court; made July 31, 1934, was a final order and was not set aside by the appeal filed January 26, 1935. The journal entry of July 31, 1934 being a

final order, it could only be questioned through appeal or error proceedings being filed within the time prescribed by the statute. Counsel for the Superintendent had abandoned their contest following the rendition of the judgment under date of July 31, 1934. The only question presented to the Court of Appeals of the Fourth District revolved around the matter of allowance of fees. This clearly appears from the stipulations and evidence presented and this is affirmed by direct statement in the brief of counsel for plaintiffs presented to that court.

That counsel for plaintiffs spent much time and research in the preparation and trial of the original action before the trial court and rendered valuable service can not be gainsaid or denied. This will be apparent to anyone reading the entire record, which we have done.

Apparently the Court of Appeals of the Fourth District based its conclusions on the ground that the trial court did not have jurisdiction to consider the case at all, in view of the undisputed allegations of the pleadings to the effect that at the time of filing the petition the administration of the Building and Loan Association was in the hands of the Superintendent of Building and Loan Associations for liquidation. We ascertain this reasoning of the court from its opinion, not from its journal entry.

It is our conclusion that the order and judgment of the Court of Appeals of the Fourth District finally disposes of all questions submitted, and by reason thereof that the motion now presented must be overruled.

Exceptions will be allowed to the plaintiffs.

BARNES, PJ, HORNBECK and BODEY,