HARSHAW ET AL., APPELLANTS, *v.* FARRELL, SUPT., ET AL.,
APPELLEES▮

[Cite as Harshaw v. Farrell (1977), 55 Ohio App. 2d 246.]

(No. 77AP-371—Decided November 10, 1977.)

*Mr. Robert P. App* and *Ms. Judith E. Christopher,* for appellants.

*Mr. John L. Francis,* city attorney, *Mr. Robert A. Bell* and *Mr. Donald R. Keller,* for appellees.

McCORMAC, J. This action was originally commenced as a habeas corpus proceeding on behalf of plaintiffs, Harshaw and Pearson, only. Thereafter, an amended complaint was filed naming six additional representative plaintiffs and making class action allegations defining the class as "* * * all persons either now in the custody of the respondent or who may come into the custody of the respondent during the pending of this action, who are or will be liable for fines now or at the conclusion of their sentences of days, and who further are indigent in fact or have not been found able to pay a fine by the trial court, * * *." The defendant is the superintendent of the Columbus Workhouse and the plaintiffs were prisoners in the workhouse sentenced (by judges of the Franklin County Municipal Court) to serve time in lieu of paying fines.

Although the action was commenced in 1974 and various temporary orders were made, no writ of habeas corpus was ever granted. Ultimately, the court held that the

proceeding was not the proper subject of a class action. The case was then dismissed entirely because of mootness in that the representative plaintiffs were no longer in the custody of defendant.

An appeal has been taken from the judgment of the court, asserting the following assignments of error:

"I. The court erred in finding that a class action is not properly maintained in the instant case.

"II. The court below erred in dismissing the claims of the named petitioners."

The first issue is whether Civ. R. 23 is ever applicable to a habeas corpus action.

Habeas corpus is a special statutory proceeding governed by R. C. Chapter 2725. Civ. R. 1(C) provides that the Civil Rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to special statutory proceedings. The question is whether Civ. R. 23, providing for class actions, is always clearly inapplicable to a habeas corpus proceeding. The Civil Rules should be held clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was provided in the special statutory action. The basic statutory purpose for habeas corpus actions is to provide a swift and effective remedy to those who are unlawfully restrained of their liberty. There is no specific restriction in R. C. Chapter 2725 prohibiting class actions, nor do we find that Civ. R. 23 is inherently inapplicable to habeas corpus actions. In some instances, a class action in habeas corpus may be the swiftest, fairest, and most effective way to obtain common relief for a large group of persons who are confined unlawfully under similar or identical circumstances. For example, a class action in habeas corpus would probably fit that criteria if 1,000 persons were confined by mass arrest under exactly the same circumstances as to each individual.

A review of federal cases, in which this question has been presented, indicates that the federal courts have held that Fed. R. Civ. P. 23, pertaining to class actions, is not *per se* inapplicable to a habeas corpus proceeding; *i. e.*, see *Williams* v. *Richardson* (C. A. 8, 1973), 481 F. 2d 358.

Although the test under federal procedure is differently stated than in Ohio by Civ. R. 1(C), in that the federal rules are applicable to habeas corpus to the extent that the practice in such proceedings is not set forth by statute and to the extent it conforms to the practice in civil actions (see Fed. R. Civ. P. 81 [a] [2]), in substance, the test is virtually identical and the result should be the same.

Since a *per se* exclusion of Civ. R. 23 to habeas corpus actions is not applicable, we must consider whether this action is a proper case to certify as a class action.

The type of class action maintainable, if any is maintainable, is a Civ. R. 23(B)(3) class which requires that the court find that questions of law and fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

There is no doubt that there are both common and individual questions applicable to the prospective members of the proposed class. The members of the prospective class have in common the fact that they are serving time in the Columbus Workhouse for failure to pay a fine imposed upon them by the Franklin County Municipal Court. Probably many members of the class had the fine imposed upon them as a result of a conviction for disorderly conduct, generally resulting from public intoxication. The legal question of when a person may be imprisoned for nonpayment of a fine is common to all. Otherwise, the questions tend to be individual, although there may be common patterns. While appellants contend that the great majority of the persons serving time in the Columbus Workhouse for failure to pay fines are indigent, there is little substantial proof in the record to this effect. In any event, the question of indigency is individual and necessitates an individual hearing. The conclusionary finding of ability to pay apparently was made by a judge of the Franklin County Municipal Court in all cases. Very little evidence is contained in the record as to whether an effective hearing was conducted to support this finding or whether the finding was made on an improper or perfunc-

tory basis. Once again, according to the evidence in the file, this determination and the procedure used in a large measure was dependent upon which judge of the Franklin County Municipal Court was serving at the time the determination was made. The record indicates that some judges more conscientiously carried out the dictates set forth by the United States Supreme Court in *Tate* v. *Short* (1971), 401 U. S. 395, than did other judges.

Appellants state that they do not seek to impose the burden upon another court in a habeas corpus action to individually determine whether the constitutional mandates for determining ability to pay before incarcerating a person for nonpayment of a fine was followed, but are requesting instead that the Franklin County Municipal Court should be ordered to effectuate a procedure that would enable a habeas corpus court to quickly determine whether the correct constitutional procedure was followed before incarceration. It should be pointed out, however, that even that method does not eliminate the necessity of an individual determination; it only makes the individual determination easier. As the procedure of the Franklin County Municipal Court now stands, however, an individual hearing would have to be conducted in relation to each person so incarcerated as a member of the class and the individual questions predominate over the common questions, as the basic question is individual.

While we are sympathetic with appellants in their feeling that a uniform rule should be adopted for determination of indigency in Franklin County Municipal Court, we do not feel that the Franklin County Common Pleas Court, or this court, is the proper court to promulgate that rule. Under the constitution of Ohio and the "Modern Courts" amendment, the Supreme Court of Ohio is the court vested with superintendancy powers over other courts. The Supreme Court can accumulate all the data necessary to fully explore the problems of the Franklin County Municipal Court before adopting a rule that is practical and that will carry out the mandates of the constitution so far as procedure for determining indigency before imposing imprisonment for nonpayment of a fine.

This court does not have the power to conduct rulemaking procedure for another court, or to obtain the necessary data that is essential if an intelligent and workable rule is to be effected. If the Supreme Court does not act to promulgate a uniform rule for all municipal courts, the Franklin County Municipal Court can promulgate its own local rule in this regard. With the evidence of inconsistency in determination that is presented in the record of this case, it is certainly recommended that the court consider such a rule.

As pointed out previously, federal courts have held that class actions are not *per se* inapplicable to habeas corpus cases, but that there must be an individual determination of applicability to the particular proposed class action. In reviewing the federal cases, we find that where a class action has been authorized in a habeas corpus proceeding, the primary determination has been a legal determination applicable to the enire class with few or no individual factual determinations to be made. For example, in the case of *Cleveland* v. *Ciccone* (C. A. 8, 1975), 517 F. 2d 1082, the class consisted of all convicts in the United States Medical Center in Springfield who were the subjects of unexecuted federal parole violation warrants; the class was designated to relieve the court of the burden of following individual transfers of the named petitioners to other institutions during the appeal process, events which might otherwise raise jurisdictional problems or questions of mootness. In *Gesicki* v. *Oswald* (S. D. N. Y. 1971), 336 F. Supp. 371, all juveniles in the certified class were committed under the same statutory provision under attack and only a legal issue as to the constitutionality of the statute was involved. We find no examples of federal certification of a class action for circumstances described herein where the legal issues are clear and the primary issue is the individual factual application of the legal requirement to each prospective member of the class.

Hence, the trial court did not err in finding that a class action is not properly maintainable in this case under Civ. R. 23(B)(3). Parenthetically, we might note that

no one was released through a writ of habeas corpus in this action, although the action was pending in the trial court from October 25, 1974, until April 22, 1977, an indication that the class action method for effecting the speedy remedy contemplated by habeas corpus where individual factual determinations must be made is a very inadequate proceeding.[2]

Appellants' first assignment of error is overruled.

Appellants next contend that the court erred in dismissing the claims of the named petitioners for mootness, although the named petitioners have long since been released from the custody of the superintendent of the Columbus Workhouse.

The general rule is that when a litigant achieves the relief sought before the completion of a law suit, the action is moot. The individual petitioners had received that relief at the time the trial court dismissed the action. On rare occasions, the court may retain an otherwise moot action for determination when it involves an issue of great public importance so that the question can be properly determined on its merits. See *McDuffie* v. *Berzzarine* (1975), 43 Ohio St. 2d 23. Ordinarily, however, it is only the highest court of the state that adopts this procedure rather than a court whose decision does not have binding effect over the entire state, as would be true if a Common Pleas Court rules upon a case which is otherwise moot.

In any event, this case is not the proper case to retain for this purpose. The legal requirements for imprisonment for the nonpayment of a fine by an indigent have been determined by the United States Supreme Court in *Tate* v. *Short, supra,* where the court unequivocally declared that you cannot automatically confine an indigent person for nonpayment of a fine. There is little, if anything, that can be added by the trial court. Retaining an otherwise

---

[2]Some inmates were released during the pendency of the action, but they were released pursuant to a restraining order rather than through the issuance of a writ of habeas corpus.

moot case for the purposes of declaring the law would accomplish nothing.

Appellants' second assignment of error is overruled.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, J., concurs.

WHITESIDE, J., concurs in the judgment only.

WHITESIDE, J., concurring in the judgment only. Although I concur in the judgment, I do not concur in that portion of the decision stating that Civ. R. 23 is applicable to habeas corpus actions. The foundation of habeas corpus in Ohio is somewhat different. Both the Ohio statutes and the civil rules as to habeas corpus differ from the federal statutes and the federal rules. It is not necesary, however, to determine herein whether those differences necessitate or justify a different result in Ohio than that which some federal courts have reached applying federal statutes and rules.

Regardless of whether or not habeas corpus may under some circumstance to maintained as a class action, the present action cannot properly be so maintained for the reason set forth in the majority opinion. Additionally, R. C. 2725.05 would tend to preclude habeas corpus as a remedy for the relief sought.