ARMSTRONG ET AL., APPELLANTS, *v.* MARATHON OIL COMPANY, APPELLEE.

(No. 5-83-12—Decided March 7, 1984.)

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Michael S. McMahon, Ms. Lynn F. Ondrey, Mr. Kenneth G. Weinberg, Messrs. Weasel & Brimley* and *Mr. John F. Kostyo,* for appellants.

*Messrs. Rakestraw & Rakestraw, Mr. Russell E. Rakestraw, Messrs. Jones, Day, Reavis & Pogue, Mr. John L. Strauch* and *Mr. Robert R. Weller,* for appellee.

WHITESIDE, J. This is an appeal by plaintiffs, Frances A. Armstrong et al., from a judgment of the Hancock County Court of Common Pleas, denying plaintiffs' motion to maintain this action as a class action and dismissing count II of the amended petition. In support of the appeal, plaintiffs raise two assignments of error, as follows:

"1. The Trial Court erred as a matter of law in holding that class action treatment under Rule 23 of the Ohio Rules of Civil Procedure of dissenting shareholders is not available to dissenting shareholders who complied with all provisions of Ohio Revised Code Section 1701.85 except for the requirement of filing a petition within the statutory time period.

"2. The Trial Court erred as a matter of law in finding that common questions of fact or law do not predominate over individual questions since, by definition of the class, the only question of fact or law to be determined in the class action is the fair cash value of Marathon stock, an issue which is common and identical to all dissenting shareholders."

This action was commenced by approximately five hundred plaintiffs who are allegedly dissenting shareholders within the contemplation of R.C 1701.85, and who have constituted themselves as the "Marathon Shareholders Committee" for the purpose of facilitating this proceeding and appointed as an executive board, plaintiffs Frances A. Armstrong, Malcolm B. Hargrave and James B. Hoy, to act on behalf of the committee, including all of the named plaintiffs. Since the institution of the action, numerous additional plaintiffs have been added, so that there are more than seven hundred named plaintiffs.

This action arises from the merger of the Marathon Oil Company into a wholly owned subsidiary of the United States Steel Corporation on March 11, 1982. Approximately two thousand shareholders of Marathon, owning an unspecified number of shares, voted against the proposed merger and, thus, became dissenting shareholders with the rights specified by R.C. 1701.85, which has limited the common-law right of a shareholder. R.C. 1701.85(A) sets forth specific steps which a dissenting shareholder must take in order to be entitled to relief, consisting of payment to him of the fair cash value of the shares in the corporation which he owns. R.C. 1701.85(B) provides in part that:

"Unless the corporation and the dissenting shareholders shall have come to an agreement on the fair cash value per share of the shares as to which he seeks relief, the shareholder or the corporation, which in case of a merger or consolidation may be the surviving or the new corporation, may, within three months after the service of the demand by the shareholder, file a petition in the court of common pleas of the county in which the principal office of the corporation which issues such shares is located, or was located at the time when the proposal was adopted by the shareholders of the corporation, * * *. Other dissenting shareholders within the period of three months, may join as plaintiffs, or may be joined as defendants in any such proceeding, and any two or more such proceedings may be consolidated. * * *"

This specific proceeding arises from count II of the amended petition attempting to assert a class action with respect to the remedy provided by R.C. 1701.85. In the original petition, count II indicated that Armstrong, Hargrave and Hoy, "as representatives of the class" made certain allegations with respect to the class. The amended petition, however, states:

"Frances A. Armstrong, a named Plaintiff herein, as representative of the class set forth hereafter, alleges as follows:

"* * *

"16. In addition to determining the claims of the Plaintiffs named herein, Plaintiff asks that this Court recognize her as the representative of a class, in accordance with Rule 23 of the Ohio Rules of Civil Procedure, consisting of all persons, to be joined herein as additional plaintiffs, who:

"(a) Were shareholders of Defendant corporation on January 25, 1982; and were shareholders on March 11, 1982;

"(b) Voted against or abstained from voting on the merger proposal at Defendant's March 11, 1982 meeting;

"(c) Made a written demand for the fair cash value of their shares in accordance with the provisions of Ohio Revised Code Section 1701.85;

"(d) Have not agreed with Defendant on the fair cash value per share; and

"(e) Have not filed a petition in accordance with Ohio Revised Code Section 1701.85."

The amended petition also sets forth all the pertinent allegations as to the existence of the prerequisites for a class action. The trial court eventually denied the motion to maintain a class action indicating it was predicated upon "affidavits submitted by the parties," as well as the motion and memoranda, the trial court further stating:

"O.R.C. § 1701.85 requires each dissenting shareholder who desires to obtain fair cash value for his shares to comply with all of the requirements of that section, including the requirement that he file a petition within three months after service of his demand. The proposed class would, in contravention of this requirement, include shareholders who failed to file petitions. Moreover, the need for complete compliance with the statutory requirements

means that each dissenting shareholder's claim must be evaluated on an individual basis. Consequently, the requirements of Civ. Rule 23(A)(2) and 23(B)(3) that there be common questions of fact or law and that such questions predominate over individual questions are not met here."

Thus, the trial court determined that this action cannot be maintained as a class action upon three bases: (1) that the class-action provisions of Civ. R. 23 do not apply to a proceeding pursuant to R.C. 1701.85, (2) the requirements of Civ. R. 23(A)(2) have not been met, and (3) the requirements of Civ. R. 23(B)(3) have not been met.

Civ. R. 23(A) provides in pertinent part that:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

The trial court made no affirmative finding that the requirements of Civ. R. 23(A) have not been met except the finding that there are no questions of law or fact common to the class. This finding is clearly erroneous since Civ. R. 23(A)(2) does not require that all issues of law or fact that may arise be common to the class but, instead, requires only that there be some issues of law or fact which are common to the class. The very nature of an R.C. 1701.85 proceeding necessitates the existence of common issues of law and fact relative to all dissenting shareholders with respect to the fair cash value per share of the shares, as to which the various shareholders seek relief. R.C. 1701.85(C) sets forth the criteria for determining the fair cash

value of the shares and involves determination of both questions of law and fact which, of necessity, are common to the entire class of dissenting shareholders. The trial court did render a written decision upon the issues prior to the entry of judgment, which decision clearly indicates that the trial court recognized the existence of common issues of law and fact but considered those issues which are not common to the shareholders to predominate. These issues will be discussed further in connection with the second assignment of error.

The first assignment of error, however, raises the basic issue of whether or not a class action pursuant to Civ. R. 23 can be maintained with respect to an R.C. 1701.85 proceeding. Inasmuch as R.C. 1701.85(B) specifically states that a proceeding thereunder is a special proceeding, reference must be made to Civ. R. 1(C) which states:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings * * *."

Thus, the threshold issue is whether the class-action provisions of Civ. R. 23 by their very nature would be clearly inapplicable to an R.C. 1701.85 proceeding. As noted above, R.C. 1701.85(B) provides that the action is commenced by the filing of a petition either by the corporation or a dissenting shareholder within three months after service upon the corporation of his demand for payment of the fair cash value of his shares. This section provides, that:

"* * * Other dissenting shareholders, within the period of three months, may join as plaintiffs * * * in any such proceeding, and any two or more such proceedings may be consolidated."

The action is required to be filed in the court of common pleas of the county in which the principal office of the cor-

poration is located, so that there is only one court having jurisdiction and all such actions must be filed in that court. Although not an issue herein, the statute is not clear as to whether joinder of other dissenting shareholders must be within three months of their demand, or within three months of the filing of the petition by the first shareholder. The ambiguity in the statute need not be resolved at this time.

The basic gravamen of the trial court's determination is set forth in the decision, but not the journal entry, as follows:

"* * * Those shareholders who have not filed their petition in this cause or complied with Section 1701.85, O.R.C. are not going to be piggy back or get a free ride in the basic litigation. Clearly, in this case those persons who have not complied fully and completely with § 1701.85, O.R.C., and, particularly with respect to those people who have failed to bring their actions in this court against the defendant, cannot be construed to be the members of a class."

Such conclusion begs the basic issue before us, since if Civ. R. 23 is applicable all members of the class have timely commenced their action through the class representative, if a class action be appropriate. On the other hand, any shareholder who has not fully complied with R.C. 1701.85, in respects other than filing a separate petition of his own, is not a member of the class by definition of the class. The contention that Civ. R. 23 does not apply to R.C. 1701.85 proceedings must be predicated upon the provision of R.C. 1701.85(D):

"The right and obligation of a dissenting shareholder to receive such fair cash value and to sell such shares as to which he seeks relief, and the right and obligation of the corporation to purchase such shares and to pay the fair cash value thereof terminates if:

"* * *

"(4) The corporation and the dissenting shareholders shall not have come to an agreement as to the fair cash value per share, and neither the shareholder nor the corporation shall have filed or joined in a petition under division (B) of this section within the period provided."

Again, this provision does not furnish an affirmative determination since, if a class action pursuant to Civ. R. 23 is appropriate, all members of the class meet the requirement of R.C. 1701.85 (D)(4). Likewise, as noted earlier, R.C. 1701.85(D)(1) does not furnish the finite answer since, to be a member of the class, a shareholder must have complied with all of the provisions of R.C. 1701.85, except that of personally filing a separate action seeking determination of the fair cash value of his shares, if a class action be appropriate.

Defendant, Marathon Oil Company, as does the trial court, points to the fact that no case has been cited where a class action has been permitted under a statute similar to R.C. 1701.85. Conversely, no case has been cited, and none found, wherein a court has determined that a class action is inappropriate under a statute similar to R.C. 1701.85. In short, there is no authority either way cited by any of the parties.

As stated in *Harshaw* v. *Farrell* (1977), 55 Ohio App. 2d 246 [9 O.O.3d 387], in determining whether Civ. R. 23 applied to a special statutory proceeding, it is stated at 247:

"* * * The Civil Rules should be held clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was provided in the special statutory action. * * *"

The basic statutory purpose of R.C. 1701.85 is to afford a ready means for determination of the fair cash value of the shares of stock held by a dissenting shareholder where the shareholders and corporation cannot agree upon such value. The maintenance of a class action would not be inconsistent with that pur-

pose. The statute itself contemplates that a single determination may be desirable in providing that separate actions may be consolidated. In short, we find no reason why a class action would not be appropriate in an R.C. 1701.85 proceeding and, therefore, cannot find that Civ. R. 23 by its nature is clearly inapplicable to an R.C. 1701.85 proceeding, which is the test set forth in Civ. R. 1(C), *supra*. Accordingly, since Civ. R. 23 is not by its nature clearly inapplicable to an R.C. 1701.85 proceeding, it applies pursuant to Civ. R. 1(A) which provides that:

"These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule."

The first assignment of error is well-taken.

By the second assignment of error, plaintiffs contend the trial court erred in finding that the requirements of Civ. R. 23(B) have not been met, that court finding the common questions of fact and law do not predominate over individual questions. Unfortunately (although the decision mentions separate issues), the trial court's decision and judgment entry appear to make a finding that there are no common questions of law and fact and, therefore, the requirements of Civ. R. 23(B) are not met, rather than to constitute a finding that the individual questions predominate. There is nothing in the record indicating that individual questions predominate. By definition of the class, shareholders who have not complied with the requisites of R.C. 1701.85, except personally filing a separate petition, are not members of the class. Basically, while stated negatively, the members of the class include all those dissenting shareholders who have otherwise met the requirements of R.C. 1701.85, and who have not filed an independent separate petition from that filed herein. The class includes all of the named plaintiffs to this action as well as those who are unnamed but have not filed a separate action, some thirty-nine other actions having apparently been filed.

Whether a dissenting shareholder delivered to defendant the requisite written demand for payment of the fair cash value of his shares, stating his address, the number and class of his shares and the amount claimed by him is a matter which can be determined from the corporate records, as can the shareholders of record as of the determinative date. In short, the written demands either exist or do not exist, and it is not likely that the questions of fact and law concerning such written demands will predominate over the questions of law and fact involved in determining fair cash value since the corporations and the shareholders have been unable to agree thereon. Cf. *Vinci v. American Can Co.* (1984), 9 Ohio St. 3d 98. In any event, there is nothing in the record before us justifying such a determination at this stage, and it would be possible for the trial court to make a conditional class certification pursuant to Civ. R. 23(C)(1). In addition, those shareholders who do not wish to be included in the class have a right to be excluded upon notice, pursuant to Civ. R. 23(C)(2). The second assignment of error is well-taken.

Since the trial court did not find that any other class action requirement of Civ. R. 23 had not been met, we do not address any such issue, although there is nothing apparent from the record otherwise precluding the maintenance of a class action under the circumstances, assuming that Civ. R. 23 applies to R.C. 1701.85 proceedings, as we have determined herein.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Hancock County Court of Common Pleas denying class-action certification is reversed, and this

cause is remanded to that court for further proceedings in accordance with law consistent with this decison.

*Judgment reversed,
and cause remanded.*

MILLER, P.J., and GUERNSEY, J., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by assignment in the Third Appellate District.