STULL, APPELLANT, *v.* JENTES, EXRX., APPELLEE.

(No. 2027—Decided June 5, 1985.)

*Kenneth E. Lane,* for appellant.
*C. Bernard Brush,* for appellee.

QUILLIN, J. The trial court granted defendant's motion for judgment on the pleadings and dismissed plaintiff's action. The court ruled that R.C. 2117.12 requires an action on a claim rejected by an estate be filed within two months of rejection; Civ. R. 6(E) does not extend the time for filing; and, plaintiff's action was not filed within the proper time and was therefore barred. Plaintiff appeals. We affirm.

Plaintiff, Carroll Stull, made a claim against the estate of Lloyd Jentes by mailing the claim to the defendant, Frieda Jentes, executrix of the estate. Jentes rejected the claim by letter which Stull received on December 8, 1983. Stull filed an action on the rejected claim on February 9, 1984.

The trial court granted defendant's motion for judgment on the pleadings. In granting the motion, the court determined that R.C. 2117.12 requires an action on a rejected claim to be filed within two months of rejection. The court found that the two-month period ended on February 8, 1984, and Stull's action was therefore not filed within the proper time and was barred.

Assignment of Error

"The plaintiff-appellant, for his assignment of errors [*sic*], says that the judgment rendered by the Wayne County Municipal Court, journalized on May 10, 1984, is erroneous in the following respect:

"1. In determining that the Ohio Rules of Civil Procedure are inapplicable to actions brought pursuant to Section 2117.17 [*sic*] of the Ohio Revised Code."

R.C. 2117.12 requires that an action on a rejected claim must be filed within two months of the rejection. The establishment of statutes of limitations is a legislative prerogative. *Wetzel* v. *Weyant* (1975), 41 Ohio St. 2d 135, 138 [70 O.O.2d 227]; *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 172 [54 O.O.2d 283]. The Ohio Legislature has fixed a two-month period in which to bring an action on a rejected claim. The question presented here is whether Civ. R. 6(E) applies to extend this limitation period. Civ. R. 6(E) provides:

"Time: additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 through Rule 4.6."

The trial court held that R.C. 2117.12 is a special statutory proceeding. We find nothing erroneous in this holding. The Ohio Rules of Civil Procedure, to the extent that they would be clearly inapplicable, do not apply to special statutory proceedings. Civ. R. 1(C). The Civil Rules are clearly inapplicable when their use will alter the

basic statutory purpose for which the specific procedure was provided. *Harshaw* v. *Farrell* (1977), 55 Ohio App. 2d 246, 247 [9 O.O.3d 387].

The statutory purpose of requiring all suits on rejected claims to be brought within two months of the rejection is to facilitate the administration of estates and to permit them to be settled and disposed of without delay. *Miller* v. *Ewing* (1903), 68 Ohio St. 176, 182; *Division of Aid for the Aged* v. *Wargo* (App. 1947), 48 Ohio Law Abs. 47, 49. To apply Civ. R. 6(E) would frustrate this purpose by extending the period of administration of estates. The legislative prerogative and statutory purpose should not be so easily avoided. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GEORGE, P.J., and BAIRD, J., concur.