ARMSTRONG et al., Appellants,

v.

MARATHON OIL COMPANY, Appellee.

[Cite as *Armstrong v. Marathon Oil Co.* (1990), 64 Ohio App.3d 753.]

Court of Appeals of Ohio,
Hancock County.

No. 5–88–25.

Decided Jan. 25, 1990.

*Clyde C. Kahrl; Weasel & Brimley* and *John F. Kostyo,* for appellants.

*Rakestraw & Rakestraw* and *Russell E. Rakestraw; Jones, Day, Reavis & Pogue* and *Robert R. Weller,* for appellee.

SHAW, Judge.

This action was commenced in the Court of Common Pleas of Hancock County by shareholders of Marathon Oil Company dissenting from the 1982 merger of Marathon and U.S. Steel Corporation. The action was brought, pursuant to R.C. 1701.85, to determine the fair cash value to be paid upon the shares of the dissenting shareholders.

The instant appeal was taken from a judgment entered in the trial court on July 21, 1988 and concerns the issue of interim payments and interest thereon allegedly accruing to certain dissenting shareholders during the pendency of the action to establish fair cash value. Appellant, Frances A. Armstrong, as class representative of the class of dissenting shareholders, assigns the following errors to the judgment:

"I. The trial court erred in the application of Section 1701.85 of the Revised Code and contravened the express order of this court by not awarding class members interim payments upon their legended shares and by not awarding interest upon those interim payments for the time they were withheld.

"II. The failure of the trial court to set class shareholders on the same foundation as named plaintiffs violates the intent of the class action format and deprives class shareholders due process of law."

R.C. 1701.85(E) provides that, from the time a shareholder gives written demand for payment to him of the fair cash value of the shares to which he is

seeking relief, until the dissenting shareholder's rights and obligations are terminated or the corporation purchases the shares, all other rights, *i.e.,* rights to vote and to receive dividends or distributions, are suspended. However, subsection (E) also provides, *inter alia,* that, if a dividend or distribution or interest is paid in money on securities issued in exchange for nondissenting shares, an equal amount shall be paid to the dissenting shareholder as a credit upon the fair cash value of their shares.

Subsequent to the commencement of this action, Marathon substituted its shares for U.S. Steel notes and began paying interest thereon of $6.25 per share. Consequently, on March 22, 1983, pursuant to R.C. 1701.85(E), the trial court ordered that named eligible dissenters (those dissenting shareholders who had perfected their demands for fair cash value) be paid the same interest.

In *Armstrong v. Marathon Oil Co.* (1984), 14 Ohio App.3d 46, 14 OBR 50, 469 N.E.2d 1343, we reversed the trial court's order refusing to allow maintenance of the dissenter's suit as a class action. Pursuant to our decision in that case, on June 11, 1984, the trial court certified the class as those persons having complied with the requirements of R.C. 1701.85(A)(2) and who had not filed a petition for fair cash value individually or joined in a proceeding to establish fair cash value.

Subsequently, in *Armstrong v. Marathon Oil Co.* (Jan. 14, 1986), Hancock App. No. 5-84-9, unreported, 1986 WL 808, we entered judgment finding, *inter alia,* error in the trial court's order that certain named dissenting shareholders were ineligible to receive the cash value of their shares and the $6.25 per share interim interest payments because their written demands for payment of fair cash value were ineffective. Our judgment in case No. 5-84-9 was reversed in part by the Supreme Court of Ohio in *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St.3d 397, 513 N.E.2d 776. However, that portion of the judgment ordering the participation of named dissenters previously declared by the trial court as ineligible to receive fair cash value or interim interest payments was affirmed by the Supreme Court. The case was remanded to the trial court for a reassessment of fair cash value.

On remand, the trial court, on April 6, 1988, entered judgment establishing the fair cash value of the shares and the interest to be paid thereon. On May 5, 1988, appellant herein filed a timely appeal from the April 1988 judgment, which is presently before this court in case No. 5-88-11.

Two months later, in July 1988, the trial court held a hearing to determine class membership. During the course of that proceeding, appellant asserted that those unnamed shareholders, who were only potential class members prior to the expiration of the election period for opting out of the class and,

who had not received interim interest payments during the pendency of the action, were entitled to receive, in addition to fair cash value, an award of interim interest payments as well as imputed interest thereon.

On July 21, 1988, the trial court entered the judgment identifying the members of the class. The judgment entry contains no reference to appellant's motion for an award of interim payments or imputed interest. On appeal from the July 1988 judgment, appellant contends that the trial court erred in failing to award the requested interim payments and interest thereon. For the reasons set forth below, we affirm the judgment of the trial court.

We would first note that, contrary to the assertion made in appellant's first assignment of error, we do not construe our judgment entered in case No. 5–84–9 as a directive to the trial court to award interim payments to the class members who are the subject of the instant appeal. A careful reading of the journal entry and opinion in that case reveals that our ruling as regards interim payments was dispositive solely of the rights of those named dissenting shareholders whom the trial court had previously declared ineligible to seek the appraisal remedy and receive interim payments by virtue of their purported failure to comply with the requirements of R.C. 1701.85. Moreover, our opinion in case No. 5–84–9 does not reflect that the issue of interim payments for unnamed dissenters was before us in that case.

■ As a general rule, a trial court loses jurisdiction to take action in a case after an appeal has been taken. See *State, ex rel. Continental Cas. Co. of Chicago, v. Birrell* (1955), 164 Ohio St. 390, 58 O.O. 187, 131 N.E.2d 388; *Sullivan v. Cloud* (1939), 62 Ohio App. 462, 16 O.O. 152, 24 N.E.2d 625, and *Vavrina v. Greczanik* (1974), 40 Ohio App.2d 129, 69 O.O.2d 146, 318 N.E.2d 408. However, as was recognized in *Vavrina, supra*, at 132, 69 O.O.2d at 147, 318 N.E.2d at 412, " * * * some courts have held that the trial court retains jurisdiction over issues that are not before the court of appeals, such as collateral issues like contempt." See, *e.g., In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657.

■ As we view R.C. 1701.85, and as is conceded by appellant, the interim payment provision of subsection (E) of the statute is an essential element of the appraisal remedy. Thus, the determination of fair cash value is fundamental to the jurisdiction of the trial court to consider the issue of interim payments.

In this case, the trial court's judgment entry of April 6, 1988 establishing fair cash value, interest thereon and crediting interim payments against the cash value of the shares constituted the final disposition of the dissenting shareholders' appraisal rights. We therefore conclude that the determination

of fair cash value, interim interest payments and imputed interest thereon were all issues subject to the appeal from the April 6, 1988 judgment and that the trial court was thereafter divested of jurisdiction to consider matters related to the appraisal remedy. While there are cases holding that matters not appealed may still remain in the jurisdiction of the trial court, in this case the exception applied only to the trial court's continuing jurisdiction to determine the collateral issue of class identity.

■ Similarly, when a reviewable final determination has also become final in the sense that the time for review has expired, its effect cannot be challenged in a later appeal on another matter. See, *e.g., Seekamp v. Warner* (App.1936), 25 Ohio Law Abs. 387, holding that an appeal from an order allowing attorney fees by entry after the final judgment entry in the case proper does not reopen the case for hearing on the matters subject to the previous judgment.

■ Thus, the substantive issues of the case having been disposed of in the April 1988 judgment entry, appellant cannot, upon appeal from a collateral judgment which merely identifies those shareholders who are subject to the judgment in the case proper, raise an issue that is actually predicated upon the earlier judgment. Accordingly, the first assignment of error is not well taken.

In her second assignment of error, appellant argues that the failure of the trial court to award interim payments and interest thereon in the July 1988 judgment entry violates the due process rights of the class shareholders. However, for the reasons established under the preceding assignment, we likewise overrule appellant's second assignment of error.

Upon the authorities cited and discussed and for the reasons stated, the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS, P.J., and MILLER, J., concur.