STATE EX REL. McKIMM, Appellee,

v.

CREIGHTON et al., Appellants.

[Cite as State ex rel. McKimm v. Creighton, 179 Ohio App.3d 103, 2008-Ohio-5692.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2008CA00060.

Decided Nov. 3, 2008.

Craig T. Conley, for appellee.

Robert J. Tscholl, for appellants.

---

FARMER, Judge.

{¶ 1} On May 7, 2007, appellant former city of Canton Director of Public Safety Bernard Hunt issued a letter to appellee, City of Canton Police Department Chief Dean McKimm, ordering him to comply with certain issues. Pertinent to this appeal is the reassignment of Sergeant John Dittmore from the gang task force. The letter stated that appellee would be subject to disciplinary action for failure to abide by the orders. On May 9, 2007, appellee responded to the letter, agreeing with some of the issues, but refusing to reassign Sergeant Dittmore. On May 11, 2007, appellant Hunt informed appellee that he was subject to a predisciplinary hearing set for May 22, 2007.

{¶ 2} On May 16, 2007, appellee filed a complaint against appellant Hunt, as well as former city of Canton Mayor Janet Creighton and the city of Canton. On May 17, 2007, appellee filed a verified amended complaint, requesting declaratory judgment and injunctive relief, seeking an order as to whether appellant Hunt's orders were permitted under R.C. 737.06.

{¶ 3} On July 30, 2007, appellant Hunt sent a letter to appellee withdrawing the orders and the threat of a predisciplinary hearing. Appellants also filed a motion to dismiss the complaint due to the rescinded orders. Thereafter, appellants withdrew their motion to dismiss.

{¶ 4} By judgment entry and order filed February 19, 2008, the trial court found that appellee had exclusive control over the stationing and transfer of all police officers and other noncivilian employees in the police department, and it granted the injunction, enjoining appellants from interfering with the day-to-day operations of the police department. By judgment entries filed February 28 and March 14, 2008, the trial court awarded appellee $13,218.75 in attorney fees.

{¶ 5} Appellants filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 6} "The court erred as a matter of law in the judgment entry of February 19, 2008 by expanding the language of Ohio Revised Code § 737.06."

## II

{¶ 7} "The court erred as a matter of law by awarding relator attorney fees as there is no authority under the law for such award."

## III

{¶ 8} "The court erred as a matter of law by not finding this matter moot."

{¶ 9} Appellants claim that the trial court should have declined to hear the merits of the complaint because the issues therein were moot. Because we agree with this assignment of error, we will address it first as it is dispositive of this appeal.

{¶ 10} In his verified amended complaint filed May 17, 2007, appellee requested declaratory judgment as to the lawfulness of appellant Hunt's specific orders (Claims 1 and 2). Appellee further requested injunctive relief to bar any disciplinary action against him for disobeying the orders and "from otherwise continuing to abuse municipal corporate powers via their unlawful usurpation of and unlawful interference" with his statutory authority, or in other words, a "sin no more" injunction (Claims 3 and 4).

{¶ 11} In appellants' December 18, 2007 brief in opposition to appellee's requested relief, appellants raised the issue of mootness and attached a letter from appellant Hunt dated July 30, 2007 to appellee, which stated the following:

{¶ 12} "On May 7, 2007, you were provided a letter from the undersigned concerning requested changes in the operation of the Gang Task Force. This letter is appended and made a part of this letter as exhibit 1. This letter outlined five basic changes requested by the undersigned. The letter closed by indicating 'these changes should be accomplished with notice to the shifts, within 24 hours of receipt of this letter. Failure to abide by the orders contained herein will result in disciplinary action.' The undersigned at this time withdraws the demanded changes in that letter.

{¶ 13} "Additionally, you were provided a letter on May 11, 2007 scheduling a pre-disciplinary hearing. That letter is appended too and made a part of this communication as exhibit 2. That letter stated and its pertinent points that 'this refusal is a clear act of insubordination, neglect of your duty as a leader and Police Chief, thus a failure of good behavior, expected of a person in your position. Therefore, based upon your refusal to transfer Sgt. John Dittmore out

of the Gang Task Force, a pre-disciplinary hearing has been set for you on May 22, 2007 at 4:00 p.m. at the 8th floor of Canton City hall.' The undersigned at this point in time withdraws the threat of a pre-disciplinary hearing."

{¶ 14} This letter was authenticated by an affidavit filed by appellant Hunt on December 27, 2007, wherein he authenticated the May 9, 2007 letter from appellee to appellant Hunt. In the May 9, 2007 letter, appellee stated, "I am writing in response to our meeting on May 7, 2007, during which time you presented the attached letter of the same date. In the letter, you ordered me to enact several changes centering around the transfer of Sgt. Dittmore and other 'day to day' operations of the Gang Task Force."

{¶ 15} We specifically find that the general requests of the verified amended complaint had been satisfied by appellant Hunt's withdrawal of the orders and the threat of a predisciplinary hearing. Appellee received the relief he sought. See *Ohio Civ. Serv. Emp. Assn. AFSCME, Local 11, AFL–CIO v. Ohio Dept. of Transp.* (1995), 104 Ohio App.3d 340, 662 N.E.2d 44.

{¶ 16} We also find that the following exceptions to the mootness doctrine are not applicable sub judice:

{¶ 17} "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

{¶ 18} Another exception to mootness centers on whether the matters complained of are of great public or general interest. *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966. However, courts have restricted this exception because "it is only the highest court of the state that adopts this procedure rather than a court whose decision does not have binding effect over the entire state." *Nextel W. Corp. v. Franklin Cty. Bd. of Zoning Appeals*, Franklin App. No. 03AP–625, 2004-Ohio-2943, 2004 WL 1244339, at ¶ 15, quoting *Harshaw v. Farrell* (1977), 55 Ohio App.2d 246, 251, 9 O.O.3d 387, 380 N.E.2d 749.

{¶ 19} Appellants Mayor Janet Creighton and Director of Public Safety Bernard Hunt are no longer in office. The order to reassign one specific officer is not an issue likely to be repeated or of general public interest.

{¶ 20} We find that the trial court erred in not dismissing appellee's complaint once the orders and the threat of a predisciplinary hearing had been withdrawn. We are not required to render an advisory opinion on a moot question. *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75. This court has made clear its reluctance to engage in the issuance of advisory opinions. See also *State v. Brown* (Jan. 24, 2000), Stark App. No. 1999CA00188, 2000 WL 94084.

{¶ 21} Assignment of error III is granted. Assignments of error I and II are not subject to review.

{¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed. Pursuant to App.R. 12, an order of dismissal is entered.

Judgment reversed.

GWIN, P.J., and DELANEY, J., concur.