[Cite as *Lake Ski I-80, Inc. v. Habowski*, 2018-Ohio-1209.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| THE LAKE SKI I-80, INC., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0112** |
| RONALD J. HABOWSKI, ADMINISTRATOR FOR THE ESTATE OF WALTER HABOWSKI, | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 00423.

Judgment: Affirmed.


*Thomas C. Nader,* Nader & Nader, 5000 East Market Street, #33, Warren, OH 44484 (For Plaintiff-Appellant).

*Ronald J. Habowski,* pro se, 1931 Basswood Street, Kent, OH 44240 (Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1} The Lake Ski I-80, Inc. ("Lake Ski") appeals from the grant of summary judgment by the Trumbull County Court of Common Pleas to Ronald J. Habowski, administrator of the estate of his late father, Walter Habowski, in Lake Ski's action for trespass and conversion against the estate. Lake Ski contends the trial court erred in finding the action time-barred pursuant to R.C. 2117.06 and R.C. 2117.12. Mr. Habowski files cross assignments of error, contending the trial court erred by deciding the case on

the statutes of limitations applicable, rather than on the merits. Finding no reversible error, we affirm.

{¶2} In *The Lake Ski I-80, Inc. v. Habowski*, 11th Dist. Trumbull No. 2015-T-0002, 2015-Ohio-5535, ¶2-6 ("*Habowski* I"), we described the facts providing the background to this case:

{¶3} "Lake Ski owns some 38 acres of land in Trumbull County, Ohio. Most of the land is occupied by a lake. The owners of Lake Ski use the property solely for recreational purposes, especially water skiing.

{¶4} "Walter Habowski owned a timber property abutting the Lake Ski property. In 2009, he asked his friend Steve Hemberger to find someone to cut the trees along the border of his property bordering that of Lake Ski. Eventually, Mr. Hemberger suggested Mr. Habowski use Ray Hershberger for the work. In the autumn of 2009, Mr. Hemberger and Mr. Hershberger drove out to the area to be timbered. As it was raining heavily, the men did not leave Mr. Hemberger's truck. Mr. Hemberger indicated the location of the Habowski property's northern and southern line markers, but did not show them to Mr. Hershberger. Mr. Hershberger was not provided with a survey prior to commencing and completing the work in the autumn of 2009.

{¶5} "Unfortunately, Mr. Hershberger cut down 21 trees on Lake Ski's property, and 19 straddling the property line. At trial, Mark Sterling, one of Lake Ski's shareholders, testified the trees lost were large, and provided a wind screen for the lake. He testified that minimizing wind is important in providing a quality waterskiing experience. He also testified Lake Ski intended to put in new camping sites along the edge of the lake, and could not, because the trees were not available for shade.

{¶6} "Joseph Gregory, a certified arborist for Davey Tree, testified regarding

2

damages, which he placed at $62,500.

**{¶7}** "Lake Ski filed an action sounding in trespass and conversion against Mr. Habowski. Trial was had before the magistrate August 4, 2014. She filed her decision, finding Mr. Habowski liable in trespass for $62,500, September 30, 2014. Sadly, Mr. Habowski died October 4, 2014, at the age of 89. His counsel filed a suggestion of death, Civ.R. 25(E), with the trial court October 9, 2014. Objections to the magistrate's decision were filed by each side. December 18, 2014, without any substitution of parties having been made regarding Mr. Habowski, the trial court adopted the magistrate's decision."

**{¶8}** Lake Ski claims it filed a judgment lien on or about January 5, 2015.[1] Appeal was filed by Ronald Habowski in *Habowski* I January 15, 2015. *Habowski* I at ¶7. On or about February 18, 2015, Lake Ski entered a settlement and release of any claims it had against Mr. Hershberger. Eventually, Ronald Habowski was appointed administrator of his father's estate. April 21, 2015, Lake Ski's counsel presented its written claim to the attorney for the Habowski estate, pursuant to R.C. 2117.06. April 30, 2015, the estate rejected the claim pursuant to R.C. 2117.12.

**{¶9}** Our decision in *Habowski* I was filed December 31, 2015. In relevant part, we held the trial court lacked personal jurisdiction to enter judgment against Mr. Habowski as administrator of his father's estate, since he had not been substituted as a party when the trial court adopted its magistrate's decision. *Habowski* I at ¶8-16. We vacated the grant of summary judgment, and remanded the matter to the trial court to dismiss it without prejudice. *Id.* at ¶23. That court did so January 7, 2016.

**{¶10}** Lake Ski filed its complaint sounding in trespass and conversion March 10,

---

1. It is not part of the record before us.

3

2016, Mr. Habowski answered, and moved for summary judgment, which Lake Ski opposed. By a judgment entry filed October 20, 2016, the trial court granted Mr. Habowski summary judgment, on two bases. First, the trial court noted that Walter Habowski died October 4, 2014, and the Lake Ski claim was not presented to Mr. Habowski's attorney until April 21, 2015, a period of approximately six and one-half months. R.C. 2117.06(B) mandates that claims be presented within six months. Second, the trial court cited to R.C. 2117.12, which mandates that a party whose claim is rejected by an estate, must file an action within two months of the rejection. The Habowski estate rejected Lake Ski's claim April 30, 2015: Lake Ski did not file the action underlying this appeal for more than ten months. For both of these reasons, the trial court held the action time-barred.

**{¶11}** Lake Ski timely noticed this appeal, assigning three errors. Mr. Habowski assigns five cross assignments of error.

**{¶12}** "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

**{¶13}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where

4

conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

**{¶14}** We commence with Lake Ski's third assignment of error, deeming it dispositive. It reads: "The trial court erred in holding the appellant's matter was barred under R.C. 2117.12."

**{¶15}** R.C. 2117.12 provides:

**{¶16}** "When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part of the claim that was rejected, within two months after the rejection if the debt or that part of the debt that was rejected is then due, or within two months after that debt or part of the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim or part of the claim that was rejected. If the executor or administrator dies, resigns, or is removed within that two-month period and before action is commenced on the claim or part of the claim that was rejected, the action may be commenced within two months after the appointment of a successor.

**{¶17}** "For the purposes of this section, the action of a claimant is commenced when the complaint and praecipe for service of summons on the executor or

5

administrator, or on the distributee who received the presentation of the claim as provided in division (A)(2) of section 2117.06 of the Revised Code, have been filed."

**{¶18}** Lake Ski's claim was rejected April 30, 2015. However, the appeal in *Habowski I* was then pending. Assuming, arguendo, that Lake Ski could not file its claim until that matter was disposed of, it had 60 days from the trial court's dismissal of the action on January 7, 2017, to file its claim. This action was not commenced until March 10, 2016, which was three days late. The time limit under R.C. 2117.12 is strictly construed. *See, e.g.*, *Stull v. Jentes*, 24 Ohio App.3d 127, 127-128 (9th Dist.1985)(Civ.R. 6(E), granting an extra three days when service has been made by mail, does not apply to R.C. 2117.12). On that basis, the trial court correctly found it time-barred pursuant to R.C. 2117.12.

**{¶19}** Lake Ski's third assignment of error lacks merit.

**{¶20}** Lake Ski's first assignment of error reads: "The trial court erred in holding that R.C. 2117.06 barred appellant's action."

**{¶21}** Lake Ski's second assignment of error reads: "The trial court erred in dismissing the case in its entirety based upon R.C. 2117.06."

**{¶22}** In *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948), this court stated:

**{¶23}** "'Actions or opinions are described as 'moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' Borchard, Declaratory Judgments, 2d Ed., page 35.

**{¶24}** "In support of the text the author cites the following: 'A moot case is one

6

which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' Citing *Ex parte Steele*, D.C.M.D.Ala.1908, 162 F. 694, 701."

{¶25} We decline to reach Lake Ski's first and second assignments of error, deeming them moot in light of our disposition of the third assignment of error

{¶26} Mr. Habowski assigns five cross assignments of error. These read:

{¶27} "[1.] The trial court should have granted summary judgment on the merits because the relationship between Habowski and the logging company was that of an employer and independent contractor.

{¶28} "[2.] The trial court should have granted summary judgment on the merits because the appellant settled its damage claims and released the logging company from further liability.

{¶29} "[3.] The trial court should have granted summary judgment on the merits because Habowski and/or defendant administrator did not trespass on appellant's land and did not proximately cause damages thereto.

{¶30} "[4.] The trial court should have granted summary judgment on the merits because Habowski did not convert any of appellant's property.

{¶31} "[5.] The trial court should have dismissed the action sua sponte mid-January, 2015 because the trial court had an affirmative duty to do so under the instant facts."

{¶32} Mr. Habowski raised these arguments in his motion for summary judgment in the trial court, which never reached them, deciding the case on the statutes of

7

limitations issues instead. Mr. Habowski insists we should consider them, on the principle that Ohio courts prefer to decide cases on the merits.

{¶33} App.R. 3(C) provides, in pertinent part:

{¶34} "(2) Cross Appeal and Cross-Assignment of Error Not Required. A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal or to raise a cross-assignment of error."

{¶35} As Mr. Habowski is defending the judgment of the trial court, but on alternative bases, we decline to reach his assignments of error, as we are affirming the trial court. *See also* R.C. 2505.22.

{¶36} Lake Ski's assignments of error lack merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.