OPINION *Page 2 
{¶ 1} On September 6, 2006, appellant, David Winkler, filed a complaint in small claims court against his landlord, appellee, Tim Smith, for the return of deposit, rent, food, and moving expenses. On October 5, 2006, appellee filed a counterclaim for unpaid rent and utilities. A hearing was held on October 16, 2006. By judgment entry filed November 3, 2006, the trial court entered judgment for appellee on the complaint and the counterclaim, and awarded appellee $996.00 plus interest for unpaid rent and utilities.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. The following assignment of error has been gleaned from the arguments in appellant's brief:
 I {¶ 3} "THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR APPELLEE ON THE COMPLAINT AND COUNTERCLAIM."
 I {¶ 4} Appellant's claims can be separated into two issues. First, appellant claims he was not notified that appellee's counterclaim would be heard during the October 16, 2006 hearing and secondly, appellant claims the trial court's decision was against the manifest weight of the evidence.
 FIRST ISSUE — COUNTERCLAIM {¶ 5} Appellant filed his complaint on September 6, 2006. The notice and summons indicated the complaint was to be heard on October 16, 2006 at 10:00 a.m. The notice specifically instructed the following: *Page 3 
 {¶ 6} "IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE PLAINTIFF, YOU MUST FILE A COUNTERCLAIM WITH THE COURT AND MUST SERVE THE PLAINTIFF AND ALL OTHER PARTIES WITH A COPY OF THE COUNTERCLAIM AT LEAST SEVEN DAYS PRIOR TO THE DATE OF THE TRIAL OF THE PLAINTIFF'S CLAIM."
 {¶ 7} Appellee timely filed his counterclaim on October 5, 2006. The notice and summons indicated the counterclaim was to be heard on October 16, 2006 at 10:00 a.m., the same date and time as the complaint. The notice specifically instructed the following:
 {¶ 8} "If you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy said judgment. If your defense is supported by witnesses, account books, receipts, or other documents, you must produce them at the trial. Subpoenas for witnesses, if requested by a party, will be issued by the clerk."
 {¶ 9} The counterclaim was sent to appellant on October 12, 2006. See, Receipt for Certified Mail, Docket No. 5. Appellant did not receive the counterclaim until October 17, 2006, the day after the hearing. See, Green Card Return, Docket No. 5.
 {¶ 10} Given the fact that the docket reveals appellant had no knowledge of the counterclaim prior to the hearing, he was denied the opportunity to produce "witnesses, account books, receipts, or other documents" on his behalf. We are fully aware of the informalities of a small claims hearing, however, basic due process requires that a party have knowledge of the claims made against him/her prior to trial. Pursuant to Civ.R. 3, a civil action does not commence until the filing of a complaint and the obtaining of *Page 4 
service within one year from such filing in order to put the defendant on notice of the claims filed against him/her. Likewise, a plaintiff must be made aware of the claims filed against him/her in a counterclaim.
 {¶ 11} Upon review, we find the counterclaim was not ripe for resolution until appellant had been served. The trial court's judgment is reversed as to the counterclaim.
 SECOND ISSUE — MANIFEST WEIGHT {¶ 12} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 13} Pursuant to App.R. 9(B), "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B) further provides:
 {¶ 14} "Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal." *Page 5 
 {¶ 15} Appellant did not cause a transcript to be filed, nor did he file a 9(C) or 9(D) statement. This court does not have a complete record of the proceedings necessary to review appellant's arguments herein. Therefore, in the absence of a complete record, this court must presume validity in the trial court's proceedings and affirm the trial court's judgment on the complaint. Knapp, supra.
 {¶ 16} The sole assignment of error is granted as to the counterclaim and denied as to the complaint.
 {¶ 17} The judgment of the County Court of Holmes County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J. Delaney, J. concurs. Edwards, J. concurs in part and dissents in part. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Holmes County, Ohio is affirmed as to the complaint and reversed as to the counterclaim. The matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant. *Page 6