[Cite as *Rutushin v. Arditi*, 2013-Ohio-2167.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PATTY RUTUSHIN, | ) | |
| | ) | CASE NO.  12 MA 114 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| LINDA ARDITI, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Motion for Reconsideration.

JUDGMENT:     Motion Denied.

APPEARANCES:

For Plaintiff-Appellee:     Attorney Matthew Giannini
1040 South Commons Place
Suite 200
Youngstown, OH  44514
No Response Filed.

For Defendant-Appellant:     Linda Arditi, Pro-se
P.O. Box 221
North Jackson, OH  44451-0221

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: May 21, 2013

PER CURIAM:

{¶1}   Pro-se Defendant-Appellant Linda Arditi has filed an application for reconsideration of our decision in *Rutushin v. Arditi*, 7th Dist. No. 12MA114, 2013-Ohio-1427.  For the following reasons, the application is denied.

{¶2}   An application for reconsideration of an appellate decision can be filed no later than ten days after the clerk has both mailed the parties the judgment and made a note on the docket of the mailing.  App.R. 26(A)(1)(a).  This court's decision was filed on March 26, 2013. The clerk sent notice of the decision to the parties and made the required notation on the docket on March 28, 2013.  Arditi's application was filed 20 days later, on April 17, 2013, which is well outside the 10-day window and therefore untimely. "An untimely application for reconsideration must be denied."  *State v. Hess*, 7th Dist. No. 02 JE 36, 2004-Ohio-1197, ¶4, citing *Martin v. Roeder*, 75 Ohio St.3d 603, 665 N.E.2d 196 (1996).

{¶3}   Even assuming for the sake of argument that Arditi's had been timely filed, it would fail on the merits.  A reconsideration application must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not considered at all or not fully considered.  *Juhasz v. Costanzo*, 7th Dist. No. 99-C.A.-294, 2002 WL 206417, (Feb. 1, 2002).  An application for reconsideration may not be utilized where a party simply disagrees with the conclusion reached and the logic used by an appellate court.  *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005-Ohio-3828, ¶2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005-Ohio-1766, ¶16.

{¶4}   Arditi's assertions fail to call attention to an obvious error in this court's

decision or an issue that was raised but not fully considered; rather, she expresses disagreement with the decision. Moreover, the bulk of her application consists of inappropriate ad hominem comments about this court and those in government service. This is well outside the scope of what this court may consider in an application for reconsideration.

{¶5} Accordingly, Arditi's application for reconsideration is denied.

DeGenaro, P.J., concurs.
Donofrio, J., concurs.
Vukovich, J., concurs.