[Cite as *Landau v. Sposato*, 2013-Ohio-4568.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

JILL K. LANDAU,                )
                                     )       CASE NO. 12 MA 46
      PLAINTIFF-APPELLEE,    )
                                     )
      - VS -                   )       OPINION
                                     )
BEVERLY E. SPOSATO,     )
                                     )
      DEFENDANT-APPELLANT.    )

| CHARACTER OF PROCEEDINGS: | Civil Appeal from County Court No. 5, Case No. 11 CVI 381 CNF. |
|---|---|
| JUDGMENT: | Reversed and Remanded. |

APPEARANCES:

| For Plaintiff-Appellee: | Attorney Roklyn DePerro Turner 3685 Stutz Drive, Suite 100 Canfield, OH 44406 |
|---|---|
| For Defendant-Appellant: | Attorney Tracey Laslo 325 East Main Street Alliance, OH 44601 |

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 20, 2013

DeGenaro, J.

{¶1} Defendant-Appellant, Beverly E. Sposato appeals the decision of the Mahoning County Court No. 5 granting default judgment in favor of Plaintiff-Appellee, Jill K. Landau, following Sposato's failure to appear at the hearing in a small claims proceeding. On appeal, Sposato argues that the trial court erred in granting default judgment against her because she did not receive notice of the application for default judgment pursuant to Civ.R. 55(A). Alternatively, she argues that it was fundamentally unfair for the trial court to grant her a continuance two days before trial, only to then vacate the continuance because the request was untimely, and proceed with the trial in her absence.

{¶2} The notice required by Civ.R. 55(A) before entering default judgment does not apply to small claims; thus, this argument is meritless. However, Sposato's argument asserting that the trial court granting judgment in favor of Landau in her absence was fundamentally unfair is meritorious. The trial court granted Sposato's continuance and the entry was time-stamped. Reasonably relying upon this information on the trial court's docket, Sposato did not appear for the trial because it had been continued. Nonetheless, Landau appeared, and contrary to principles of due process, the trial court vacated its previous order granting the continuance reasoning the motion had been untimely, and proceeded with the trial. Accordingly, the trial court's judgment in favor of Landau is reversed, and this cause is remanded for further proceedings.

## Facts and Procedural History

{¶3} On October 14, 2011, Landau filed a small claims complaint against Sposato requesting judgment of $2,915.40 for unpaid legal fees, plus interest and costs. The matter was set for hearing for December 1, 2011. On October 19, 2011, Sposato was served with the complaint, which stated that if she did not appear at trial, judgment may be entered against her by default.

{¶4} Defense counsel filed a notice of appearance for Sposato on November 29, 2011. The trial court subsequently granted two continuances for the small claims hearing; first, on Sposato's motion, resetting the hearing for January 13, 2012, and then on Landau's motion, resetting the hearing for January 27, 2012.

{¶5} On January 25, 2012, Sposato filed, via facsimile, a motion for continuance and request for transfer to the regular docket. She requested that the trial court continue the January 27, 2012 hearing and that the matter be transferred to the court's regular docket. She stated that Landau's counsel had been contacted and had no objection to the continuance. On January 25, 2012, the trial court issued an order transferring the matter to the court's regular docket. The order also stated that the January 27, 2012 hearing was continued, but the spaces on the order for the new hearing date were left blank.

{¶6} On January 26, 2012, Landau filed a memorandum in opposition to the request to transfer the matter to the regular docket. She explained that her counsel consented to a final continuance but was unaware of the request to transfer. Landau argued that pursuant to Local Rule 12(D)(2), a motion to transfer must be made seven days prior to trial and all fees and costs must be paid in advance or the request must be denied. Further, if the request is made for purposes of delay, then default judgment may be entered. Landau claimed that Sposato's motion to transfer was made for purposes of delay and that Sposato had not paid any cost or fee for transferring the matter. Thus, Landau requested the court deny the motion to transfer and render default judgment against Sposato.

{¶7} Despite the continuance the matter came for hearing before the trial court on January 27, 2012 at 9:00 a.m. Landau and her counsel were present, but Sposato and her counsel did not attend. Immediately following the hearing, the trial court issued two judgment entries on that date. In the first entry filed at 9:31 a.m., the trial court, inter alia, vacated its January 25, 2012 order which had transferred the case to the regular docket and continued the January 27th hearing. In the second entry filed at 10:15 a.m., the trial court stated that Sposato failed to appear at the hearing and "upon review of the file and evidence provided" default judgment was granted against Sposato.

{¶8} On February 9, 2012, Sposato filed a motion to vacate the January 27, 2012 judgment pursuant to Civ.R. 60(B) and sought a stay. Landau opposed the

motion and the court set the matter for hearing on March 30, 2012.

{¶9}   On February 24, 2012 Sposato filed a timely notice of appeal from the trial court's second judgment entry issued on January 27, 2012.

{¶10}  On September 12, 2012, this court issued a judgment entry holding the appeal in abeyance for 60 days and remanded this matter to the trial court to rule on Sposato's February 9, 2012 motion to vacate.

{¶11}  On November 30, 2012, the trial court issued a judgment entry overruling Sposato's motion to vacate.  Sposato did not file a notice of appeal from this judgment.

### Civ.R. 55(A) Inapplicable to Small Claims

{¶12}  In her sole assignment of error, Sposato alleges:

{¶13}  "The trial court erred in granting default judgment without service to appellant in violation of Civ.R. 55(A)."

{¶14}  Sposato raises two arguments; first that the trial court improperly granted default judgment against her because she had appeared in the action by her counsel filing a notice of appearance, and thus was entitled to the notice and hearing procedures of Civ.R. 55(A), which the trial court did not follow.  She alternatively argues that it was fundamentally unfair for the trial court to grant a continuance two days before the trial, only to proceed in her absence on the date the trial was originally scheduled.

{¶15}   "A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion."  *Fitworks Holding, L.L.C. v. Sciranko*, 8th Dist. No. 90593, 2008-Ohio-4861, ¶4.  Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough.  *In re S.S.L.S.*, 7th Dist. Columbiana No. 12 CO 8, 2013-Ohio-3026, ¶22.

{¶16}  Pursuant to Civ.R. 1(C), the Ohio Rules of Civil Procedure do not apply to small claims proceedings "to the extent that they would by their nature be clearly inapplicable."  R.C. Chapter 1925, governing small claims matters, reiterates this policy.  "Except as inconsistent procedures are provided in this chapter or in rules of

court adopted in furtherance of the purposes of this chapter, * * * all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure * * *." R.C. 1925.16. Although "[m]any of the Rules of Civil Procedure apply to small claims court and are clearly applicable and consistent, such as, notice of filing, service of summons, and joinder of parties * * * [they] 'should be held clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was provided in the special statutory action.'" *McDonough v. Noble*, 7th Dist. No. 80 C.A. 96, 1981 WL 4728, *2 (June 17, 1981), quoting *Harshal v. Farrell*, 55 Ohio App.2d 246, 247, 380 N.E.2d 749 (1977).

**{¶17}** In that vein, several of our sister districts have held that the notice provisions of Civ.R. 55(A) where default judgment is sought against a defendant who has appeared, but was not present at the default hearing, do not apply to small claims proceedings. *See Tomety v. Dynamic Auto Serv.*, 10th Dist. No. 09AP-982, 2010-Ohio-3699, ¶8-9 (defendant appeared for original trial which was continued; at rescheduled trial, default judgment granted and affirmed over claim of lack of notice of rescheduled trial date); *Miller v. McStay*, 9th Dist. No. 23369, 2007-Ohio-369, ¶13 ("we find Civ.R. 55(A), by its nature, inapplicable to small claims matters"); *Sheaff v. Conese*, 12th Dist. No. CA-2001-10-242, 2002-Ohio-5607, ¶36 (defendant's pending motion to dismiss did not justify non-appearance at trial and did not preclude entry of default judgment); *Schafer v. McNeill Enterprises*, 4th Dist. No. 1071, 1984 WL 5658, *2 (Sept. 26, 1984) (defendant appeared for trial but left before case was called, default judgment entered in his absence).

**{¶18}** We are persuaded by the rationale of our sister districts. Consistent with the rationale in *Tomety, Miller, Sheaff* and *Shafer,* Civ.R. 55(A) does not require prior notice to a defendant before a trial court enters default judgment after a small claims trial at which the defendant was not present, even where the defendant has answered or otherwise appeared. Accordingly, Sposato's argument that Civ.R. 55(A) applies to small claims proceedings is meritless. However, this does not mean that the trial court did not err in entering judgment against Sposato.

**Fundamental Fairness**

{¶19} Sposato next contends that it was fundamentally unfair for the trial court to grant a continuance two days prior to a scheduled trial, only to then proceed with the trial in her absence and grant judgment in favor of Landau. Sposato argues she did not appear because she relied upon the continuance, and that counsel for Landau failed to advise the trial court that Sposato intended to defend the suit and that the hearing had been continued.

{¶20} Although small claims cases by their nature are informal and the Rules of Civil Procedure not applicable in their entirety or the Rules of Evidence at all, fundamental due process principles still apply. *See, Winkler v. Smith,* 5th Dist. No. 06CA16, 2008-Ohio-1701, ¶10; *Jones v. Cynet, Inc.,* 8th Dist. No. 9769, 2002-Ohio-2617, ¶31. "A fundamental requirement of due process is 'the opportunity to be heard.' *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783. It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965). Sposato was deprived of her opportunity to be heard in violation of her right to due process.

{¶21} Admittedly, Sposato did not file the continuance motion more than seven days before scheduled date as required by Local Rule 12. Further, there is no provision in the trial court's local rules for filing via facsimile, and this court has rejected such filings in the absence of a local rule permitting same. *Rutushin v. Arditi*, 7th Dist. No. 12MA144, 2013-Ohio-1427, reconsideration denied, 2013-Ohio-2167 (notice of appeal not timely when filed by facsimile and proper paper filing was beyond 30 day appeal time). However, the trial court not only accepted the electronic filing of Sposato's motion for a continuance two days before the scheduled trial date, it granted the motion that day and continued the matter, all in contravention of the local rule. Moreover, the trial court's January 25th entry was time-stamped on that date, and the docket reveals that the January 27th trial had been continued as of January 25th. Thus, Sposato reasonably relied upon that information and did not appear.

{¶22} The trial court's decision to vacate the continuance and proceed with the

trial in Sposato's absence was fundamentally unfair and contrary to principles of due process. Despite the fact that the trial court had considered and granted the untimely motion two days before the scheduled trial date, it nonetheless vacated the continuance, reasoning Sposato had not filed the motion at least seven days prior to trial. Accordingly, this argument is meritorious; the trial court abused its discretion by proceeding with the trial in Sposato's absence and granting judgment in favor of Landau.

## Conclusion

{¶23} The notice required by Civ.R. 55(A) before entering default judgment does not apply to small claims proceedings; thus, this argument is meritless. However, Sposato's argument asserting that the trial court granting judgment in favor of Landau in her absence was fundamentally unfair is meritorious. The trial court granted Sposato's continuance and the entry was time-stamped. Reasonably relying upon this information on the trial court's docket, Sposato did not appear for the trial because it had been continued. Nonetheless, Landau appeared, and contrary to principles of due process, the trial court vacated its previous order granting the continuance reasoning the motion had been untimely, and proceeded with the trial. Accordingly, the trial court's judgment in favor of Landau is reversed, and this cause is remanded for further proceedings.

Vukovich, J., concurs.

Waite, J., concurs.