[Cite as *Bradley v. Talikka*, 2019-Ohio-1948.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ORLANDO L. BRADLEY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-A-0098** |
| LEO L. TALIKKA, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula Municipal Court, Case No. 2018 CVI 00749.

Judgment: Appeal dismissed.

*Orlando L. Bradley,* pro se, 528 West 40th Street, Ashtabula, OH 44004 (Plaintiff-Appellant).

*Leo J. Talikka,* pro se, Leo J. Talikka Co., L.P.A., P.O. Box 910, Painesville, OH 44077 (Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Orlando L. Bradley, appeals from the judgment dismissing his small-claims complaint. At issue is whether the trial court erred in granting the motion to dismiss, filed by appellee, Leo J. Talikka, on the same day it was filed. Because the dismissal was entered based upon the lack of jurisdiction over the person, and was silent regarding the effect of the dismissal, we dismiss the appeal.

{¶2} Appellant filed his small claims complaint against one "Leo L. Talikka," on August 20, 2018. In his "Statement of Claim," appellant referred the defendant as "Leo

J. Talikka."  The complaint was apparently served on "Leo J. Talikka" who, on November 7, 2018, filed a motion to dismiss alleging the complaint was filed against "Leo L. Talikka," someone he does not know.  Accordingly, dismissal was ostensibly sought for lack of jurisdiction over the person.  On the same date, the trial court granted the motion without designating its effect.

{¶3}  Civ.R. 1(C) provides that the Civil Rules "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedures * * * (4) in small claims matters under Chapter 1925, Revised Code[.]"  In *McDonough v. Noble*, 7th Dist. Mahoning No. 80 CA 96, 1981 WL 4728 (June 17, 1981), the Seventh District Court of Appeals examined the interplay between the Ohio Civil Rules and small claims court.  The court, quoting *Harshal v. Farrell*, 55 Ohio App.2d 246, 247 (10th Dist.), explained that "[t]he Civil Rules should be held clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was provided in the special statutory action." *McDonough,* at \*2.  The court in *McDonough* further observed that the fundamental statutory purpose of small claims court is to provide a "simple, inexpensive and just way for individuals to resolve small financial disputes with a minimum of legal technicalities." *Id.,* quoting *Toledo Small Claims Court*, 6 Toledo L.Rev.397, 399 (1975).

{¶4}  Civ.R. 41(B)(4)(a) provides: "*Failure Other Than on the Merits. A* dismissal for either of the following reasons shall operate as a failure otherwise than on the merits: (a) lack of jurisdiction over the person or the subject matter[.]" (Emphasis sic.)

{¶5}  Application of the foregoing rule would not alter the basic statutory purpose for small claims actions.  To the contrary, where a party alleges a lack of

2

personal jurisdiction, a proper dismissal under the rule, without designation of its effect, will allow the plaintiff to refile the claim without prejudice thereby facilitating the statutory purpose of simple and efficient resolution of small financial disputes. Because the court entered judgment of dismissal without any designation, we conclude the dismissal was without prejudice. Because appellant may refile his complaint, the dismissal without prejudice is not a final appealable order. *See Ackley v. Ryan*, 11th Dist. Lake No. 2009-L-143, 2010-Ohio-143, ¶4.

{¶6} Notwithstanding the foregoing dispositional conclusion, it bears pointing out that appellant was not afforded an opportunity to respond to the motion to dismiss, i.e., the judgment was entered on the very same day the motion was filed. Although small claims cases are, by their nature, informal, fundamental constitutional principles of due process still apply. *Landau v. Sposato*, 7th Dist. Mahoning No. 12 MA 46, 2013-Ohio-4568, ¶20; *see also Winkler v. Smith,* 5th Dist. Holmes No. 06CA16, 2008-Ohio-1701, ¶10; *Jones v. Cynet, Inc.,* 8th Dist. Cuyahoga No. 9769, 2002-Ohio-2617, ¶31. "A fundamental requirement of due process is 'the opportunity to be heard.' *Grannis v. Ordean,* 234 U.S. 385, 394 (1914). It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965). Appellant was deprived of his opportunity to be heard and challenge appellee's motion and/or move to amend his complaint in light of the motion, in violation of his right to due process. Had appellant been given this opportunity, the cumbersome process of filing the instant appeal and/or refiling the complaint may have been avoided. Nevertheless, because the judgment

3

was neither final nor appealable, the instant appeal must be dismissed for lack of appellate jurisdiction.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.