[Cite as *Bradley v. Talikka*, 2019-Ohio-4922.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ORLANDO L. BRADLEY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-A-0061** |
| LEO L. TALIKKA, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula Municipal Court, Case No. 2018 CVI 00749.

Judgment: Appeal dismissed.

*Orlando L. Bradley,* pro se, 528 West 40th Street, Ashtabula, OH 44004 (Plaintiff-Appellant).

*Leo J. Talikka,* pro se, Leo J. Talikka Co., L.P.A., P.O. Box 910, Painesville, OH 44077 (Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Orlando L. Bradley, appeals from the judgment of the Ashtabula Municipal Court sua sponte striking his amended complaint, filed against appellee, Leo J. Talikka. We dismiss the appeal.

{¶2} Originally, appellant filed his small claims complaint against one "Leo L. Talikka," on August 20, 2018, Case No. 2018-CVI-00749. In his "Statement of Claim," appellant referred the defendant as "Leo J. Talikka." The complaint was apparently served on "Leo J. Talikka" who, on November 7, 2018, filed a motion to dismiss alleging

the complaint was filed against "Leo L. Talikka," someone he does not know. Accordingly, dismissal was ostensibly sought for lack of jurisdiction over the person. On the same date, the trial court granted the motion without designating its effect. On appeal, this court concluded that because the dismissal was entered based upon the lack of jurisdiction, it was not an adjudication on the merits. As such, the dismissal was entered without prejudice, appellant could refile his complaint, and the judgment dismissing the original complaint was not a final, appealable order. *See generally Bradley v. Talikka*, 11th Dist. Ashtabula No. 2018-A-0098, 2019-Ohio-1948 ("*Bradley I*"). This court, however, also opined it was constitutional error for the trial court to enter judgment without allowing appellant the opportunity to be heard – an error which essentially precluded appellant from amending his complaint to fix the apparent clerical error. *Id.* at ¶6.

{¶3} After the release of the foregoing memorandum opinion, appellant filed an amended complaint, under dismissed Case No. 2018-CVI-00749, against Leo J. Talikka. On June 6, 2019, the trial court sua sponte struck the amended complaint because it was filed under the dismissed case. Appellant again appeals assigning the following as error.

{¶4} "The trial court abused its discretion in dismissing appellant's amended small claims complaint."

{¶5} A dismissal without prejudice leaves the parties in the same position they were prior to the action being filed; the action is treated as though it had never been commenced. *Arner v. Andover Bank,* 11th Dist. Ashtabula No. 2008-A-0056, 2008-Ohio-5857, ¶2. Because the dismissal had the effect of completely negating the original

2

action, appellant was required to re-file the action. Rather than doing so, appellant attempted to correct the problems identified in *Bradley I* by filing an amended complaint under the dismissed case number. In order to properly prosecute his case, however, appellant must file a new complaint.

{¶6} As noted above, in *Bradley I*, although we concluded the order at issue was not final, we emphasized that the trial court's dismissal of the case without affording appellant the chance to respond was a violation of constitutional due process. *Id.* Had the court given appellant the opportunity to respond, he *could have corrected* the captioning error, thereby avoiding unnecessary expense and resource waste, and amending the complaint. Because, however, the matter was dismissed without prejudice, appellant lost the opportunity to amend and now *must* re-file.

{¶7} In *Bradley I*, we pointed out that "the fundamental statutory purpose of small claims court is to provide a "simple, inexpensive and just way for individuals to resolve small financial disputes with a minimum of legal technicalities."'" *Id.* at ¶3, quoting *McDonough v. Noble*, 7th Dist. Mahoning No. 80 CA 96, 1981 WL 4728 (June 17, 1981), *2 quoting *Toledo Small Claims Court*, 6 Toledo L.Rev.397, 399 (1975). Moreover, "'[t]he small claims action does not contemplate the use of a formal complaint prepared by a lawyer or an answer or elaborate discovery procedures. Indeed, the small claims procedure encourages two citizens to argue their differences informally before a referee.'" *McDonough, supra,* at *3 quoting West's Ohio Practice, Volume 8, Page 140. Appellant should have re-filed his complaint after *Bradley I*. Still, as discussed in that opinion, such action could have been avoided had he been afforded basic due process. Consequently, as of the issuance of this opinion, appellant has been unable to

3

overcome the basic procedural hurdle of filing a complaint in a "user-friendly" forum designed for citizens, not lawyers, to resolve an ostensibly small dispute.

{¶8} Because the underlying judgment was a "failure other than on the merits," it is not final or appealable. Appellant, however, is entitled to file a new complaint. We therefore dismiss the instant appeal.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.